UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SOKOL WORLD ENTERTAINMENT, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **SMALL BUSINESS ADMINISTRATION**, *et al.*, <br><br> Defendants. | Civil Action No. 21-cv-2385 (TSC) |

## ORDER

Plaintiff Sokol World Entertainment, Inc. ("Sokol") owns and operates Club Cobra, a live entertainment venue in Los Angeles. During the COVID-19 pandemic it applied for a "Shuttered Venue Operator Grant" ("SVOG") from Defendants United States Small Business Administrator and its Administrator, Isabella Casillas Guzman ("SBA"). After being denied funding twice, Sokol sued the SBA in this court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, arguing that the SBA acted arbitrarily and capriciously, in a manner contrary to law, and in a manner unsupported by substantial evidence in denying its SVOG applications. Am. Compl. ¶¶ 41-56, ECF No. 17.

Both parties have moved for summary judgment. *See* Sokol Mot. for Summ. J. ("Sokol MSJ"), ECF No. 20; SBA Mot. for Summ. J. ("SBA MSJ"), ECF No. 24. The SBA also seeks dismissal of Sokol's complaint for lack of subject-matter jurisdiction. SBA Mot. to Dismiss, ECF No. 20. Both parties also ask the court to consider certain extra-record evidence, ECF Nos. 19, 36. Sokol has further moved for the SBA's extra-record evidence to be stricken from the

Page **1** of **12**

record.  *See* ECF No. 30.  Both parties also seek leave to file their unredacted joint appendix on the record under seal.  ECF No. 34.

For the reasons set forth below, Sokol's motion for summary judgment will be **GRANTED**.  The SBA's cross-motion for summary judgment and motion to dismiss will be **DENIED without prejudice**.  Sokol and the SBA's motions for consideration of extra-record evidence will be **GRANTED**.  Sokol's motion to strike will be **DENIED.**  The joint motion for leave to file the unredacted joint appendix under seal will be **GRANTED**.  This case will be **REMANDED** to the SBA for supplementation of the administrative record as necessary regarding Sokol's competitors and further proceedings consistent with this Opinion.

## I.     BACKGROUND

As part of its ongoing legislative response to the COVID-19 pandemic, Congress set aside $15 billion to support shuttered venue operators—such as theatrical producers, live performing arts organizations, museums, movie theaters, and talent representatives—through SVOGs.  Economic Aid to Hard-Hit Businesses, Nonprofits, and Venues Act, Pub. L. 116-260 §§ 323(d)(1)(H), 324, 134 Stat. 1993, 2021, 2022 (2020) (codified at 15 U.S.C. § 9009a).  Venue operators whose gross revenues declined from 2019 to 2020 by over 25% could apply to the SBA for a grant of up to 45% of their 2019 gross revenue, provided they met other eligibility conditions.  15 U.S.C. §§ 9009a (a)(1)(A)(i)(II), (c)(1)(A)(i)(I).  The SVOG program excluded any venue operator that presents live performances of a prurient sexual nature; or derives, directly or indirectly, more than *de minimis* gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature.  *Id.* § 9009a (a)(1)(B).

Sokol owns and operates Club Cobra, a "live-entertainment venue in Los Angeles for LGBTQ+ oriented shows by local singers, DJs, dancers, and performers."  Sokol MSJ at 1.  In

April 2021, Sokol applied for a SVOG award of $486,761.85 for Club Cobra. *Id.* at 3. Sokol's application stated that it neither presents live performances of a prurient sexual nature nor derives more than *de minimis* gross revenue from prurient sexual displays and depictions. Sokol SVOG Application, Redacted J.A. ("J.A.") at 220, ECF No. 40. After its application was denied, Sokol submitted an administrative appeal on August 12, 2021 with more information as to its eligibility. Sokol MSJ at 4. That appeal was denied in August 2021. *Id.* at 4-5. Sokol then filed this action, seeking judicial review of SBA's denial. *Id.* at 5; Compl., ECF No. 1.

Upon joint motion of the parties, the court remanded the matter to the SBA. Oct. 5, 2021 Min. Order. Upon review, the SBA again denied Sokol's application, finding that Club Cobra "[p]resented live performances of a prurient sexual nature." Nov. 3, 2021 Denial Email, J.A. at 223. The SBA explained that it denied Sokol's application because

> social media pages for Club Cobra . . . contain numerous suggestive images depicting the Club Cobra male go-go dancers in seemingly sexualized poses . . . in some images the dancers are shown pulling down their underwear and in other images tip money is shown protruding from the dancers waistbands . . . .[;]
>
> Yelp.com reviews revealed patrons describing the "sexy" go-go dancers as "strippers" and "a bit raunchy, touching their penis while dancing" . . . .
>
> in 2020, while Club Cobra was closed due to the pandemic, [Club Cobra's owner] started filming a dance show called "The Clubhouse" featuring erotic videos of the Club Cobra male go-go dancers. The videos were made available for a monthly subscription on the website OnlyFans.com. Club Cobra's Twitter page advertised the erotic dance shows with images of the dancers in highly suggestive poses . . . . [i]n one video clip, a dancer is shown wearing jockey shorts in a shower while he splashes water over his body as the camera pans down over the dancer's bare chest and genitalia. In another video, a dancer in only thong underwear is shown sitting on the edge of a bed while the camera pans up and down his body providing close ups of his seemingly aroused genitalia.

*Id.*; *see also* SBA MSJ at 5-7.

Sokol then amended its complaint to challenge the November 3, 2021 denial. Nov. 8, 2021 Joint Status Rep. ¶ 5, ECF No. 15; Am. Compl.

## II.     LEGAL STANDARD

### A. Motion to Dismiss

Federal courts require a statutory basis to exercise their jurisdiction over a matter. *See Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To determine if it has jurisdiction, the court may "consider the complaint supplemented by undisputed facts evidenced in the record . . . or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

### B. Motion for Summary Judgment

In an APA case. the court "sits as an appellate tribunal" for the agency when evaluating a motion for summary judgment under Federal Rule of Civil Procedure 56, rather than considering whether there are genuine disputes of material fact. *Am Bioscience Inc., v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "The entire case on review is a question of law," and the court should only consider "arguments about the legal conclusion to be drawn about the agency action." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). This review is, therefore, based on "the administrative record already in existence" at the time of the agency action. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam).

The court's review is "narrow" and limited to an assessment of whether the agency "examine[]d the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).  The court's review is "highly deferential" and "presumes the agency's action to be valid." *Defs. of Wildlife & Ctr. for Biological Diversity v. Jewell*, 815 F.3d 1, 9 (D.C. Cir. 2016) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 997–98 (D.C. Cir. 2008)).  The court should, therefore, take care not to "substitute its own judgment for that of the agency." *State Farm*, 463 U.S. at 43.

### III.   ANALYSIS

**A. Jurisdiction**

The SBA argues that the court lacks subject-matter jurisdiction in this matter because Sokol seeks monetary damages.  SBA MSJ at 10-11.  The APA confers jurisdiction only for matters where a plaintiff seeks "relief other than money damages." *Lamb v. ATF*, 790 F. App'x 222 (D.C. Cir. 2020) (citing 5 U.S.C. § 702).  The SBA contends that Sokol seeks money damages because the Amended Complaint asks the court to "order Defendants to award Sokol SVOG grants in the amount for which it is eligible [and] . . . a supplemental SVOG award in the amount for which it is ineligible.".  SBA MSJ at 11 (citing Am. Compl. at 11).

That argument is unavailing.  Equitable monetary relief is different from money damages.  In *Bowen v. Mass*, 487 U.S. 879, 893 (1988), the Supreme Court explained that damages compensate a victim for their injury, while equitable relief provides specific relief to which a party was already entitled.  *Id.* at 893-94.  Therefore, a court order that a party should receive something that it was entitled to, even if that entitlement is a monetary award, is different from a money damages award.  *See, e.g.*, *Esch v. Yeutter*, 876 F2.d 976, 981 (D.C. Cir. 1989) (a plaintiff

that "sought the very thing which it has been deprived of which happened to be the payment of money," was not seeking "damages"); *see also MomoCon, LLC v. SBA*, No. 21-cv-2386, slip op. at 9 (D.D.C. Feb. 10, 2022) (dismissing SBA's argument that the court lacks jurisdiction to review a plaintiff's equitable demands for an SVOG award on the same grounds).

Moreover, as Sokol's reply observes, a monetary award is not the only relief it seeks. It also asks this court to "declare unlawful and set aside Defendants' denial of Sokol's SVOG award request [and] order Defendants to consider Sokol's application for a SVOG award consistent with applicable law and the evidence before the SBA." Am. Compl. at 11. Sokol further notes that its motion for summary judgment only asks this court to set aside the SBA's November 3 denial and order the SBA to reconsider its application. Sokol Opp. to SBA MSJ at 3, ECF No. 27.

Sokol's request—that the court set aside SBA's November 3 denial and remand for reconsideration—is well within the court's jurisdictional grant. 5 U.S.C. § 706(2) ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to" violate the APA"); *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990) ("remanding to the agency . . . is the preferred course" for agency action violative of the APA).

Nothing in the APA or Sokol's Amended Complaint precludes the court's review of the November 3 denial. The court will therefore deny the SBA's motion to dismiss.

B. **The Applicable Record**

Sokol asks this court to consider the declaration of its President and Owner, Martin Sokol, and the August 26, 2021 email denying Sokol's SVOG appeal as part of the record along with its motion for summary judgment. *See* ECF No. 19. The SBA does not oppose the court's consideration of the email; it will therefore be considered along with the administrative record as filed. SBA MSJ at 23.

Sokol's Declaration describes five other companies that he believes were similarly situated to Club Cobra which nonetheless received SVOG grants. Sokol Mot. for Consideration of Extra Record-Evidence ("Sokol Extra Record Mot."), Ex. 1, Sokol Decl. ¶¶ 12-16, ECF No. 19. Sokol argues that it was affirmatively excluded from including this evidence in the record because the SBA instructed grant appellants not to include such information in their appeals during an August 4, 2021 webinar. *Id.* at 2-3.

The SBA's Reply in support of its Motion for Summary Judgment, ECF No. 30, included a declaration from Eric S. Benderson, Associate General Counsel for Litigation at the SBA. Ex. 1, ECF No. 30-1. Benderson's Declaration first describes the SVOG application process, including its procedures for a "prurience review" *Id.* ¶¶ 20-24. A prurience review is a formal review of the applicant's website, social media, and internet references to see if the business is ineligible for SVOG funding because it appeals to the prurient sexual interest, per 15 U.S.C. § 9009a(1)(B). *Id.* ¶ 18. Benderson then states that "[a]n informal review of these five applicants fails to identify sufficient information" that any of the five businesses required such a prurience review. *Id.* ¶¶ 20-21. The SBA argues that should the court accept the Sokol Declaration, it should similarly accept the Benderson Declaration as necessary background information to explain the November 3 denial. SBA Mot. for Consideration of Extra-Record Evid. at 4, ECF No. 36.

The D.C. Circuit has narrowed the circumstances in which the court may consider extra-record evidence. *See United Student Aid Funds v. Devos*, 237 F. Supp. 3d 1, 4 (D.D.C. 2017) (charting the course of the D.C. Circuit's jurisprudence on extra-record evidence). The court may do so if the "'procedural validity of the agency's action remains in serious question' . . . or the agency affirmatively excluded relevant evidence." *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C.

Cir. 2014) (internal citations omitted).  The court may further consider extra-record evidence if it contains "background information . . . needed to determine whether the agency considered all the relevant factors."  *Daikin Applied Americas, Inc. v. EPA*, 39 F.4th 701, 716-17 (D.C. Cir. 2022) (quoting *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010)).  A movant's burden is high.  It must demonstrate that there has been a "'strong showing of bad faith or improper behavior' or that the record is so bare that it prevents effective judicial review."  *Comm. Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)).

During an August 4 webinar, the SBA informed potential SVOG appellants that "it will not be helpful in th[e] [appeal justification] statement to refer to other SVOG applicants you feel are similar to your own business," and that "if you feel that there are other SVOG applicants which are similar to your own business but which may have had a different outcome on their initial SVOG applications than you did, it will not be helpful to reference that."  Sokol Extra Record Mot. at 2-3.  Based on this warning, Sokol did not include information about the five other similarly situated businesses in its appeal.  *Id.*, Ex. 1, Sokol Decl. ¶ 11 ("I prepared Sokol's appeal of the denial of its Shuttered Venue Operators Grant ("SVOG") application and did not reference any of these companies because the SBA told applicants not to include in our SVOG appeals information about similar businesses that received awards.").

The SBA does not contest what was said in the webinar, but instead characterizes the information provided at the webinar as a mere suggestion that comparator information would not be helpful for the SBA's evaluation.  SBA Mot. for Consideration of Extra-Record Evid. at 5 n. 2.

There is scant caselaw regrading what constitutes an affirmative exclusion of evidence. But even in the absence of guiding principles or precedent, it seems apparent that an informational webinar from the agency in charge of adjudicating appeals specifically instructing appellants not to include such information in their applications would constitute such an affirmative exclusion. The court will therefore grant Sokol's motion to consider extra-record evidence, ECF No. 19, and consider the Sokol Declaration as part of the administrative record.

As for the Benderson Declaration, the SBA's point that its inclusion in the record is necessary as a response to the Sokol Declaration is well taken. The declaration includes the SBA's justification and response to Sokol's argument that similarly situated competitors received SVOG awards when it did not. Further, much of the Benderson Declaration is little more than permissible background information; an acceptable basis to consider extra-record evidence. *See Daikin Applied Americas, Inc.*, *supra*. While Sokol is correct that the SBA should have sought the leave of court to file such extra-record evidence, that procedural error, cured by a subsequent filing, is not a sufficient reason for the court to disregard the Benderson Declaration.

The court will therefore deny Sokol's motion to strike the Benderson Declaration, ECF No. 31, and grant the SBA's motion for consideration of extra-record evidence, ECF No. 36.

**C. <u>Summary Judgment</u>**

Sokol's motion for summary judgment argues first that the SBA's November 3 denial was arbitrary and capricious because it failed to consider Sokol's competitor applications, described in the Sokol Declaration. The SBA responds that regardless of those competitor applications, the record indicates that Club Cobra was a business that presented live performances of a prurient sexual nature or derived more than *de minimis* gross revenue from the presentation of the same.

It is a "fundamental norm of administrative procedure" than an agency must "treat like cases alike." *Westar Energy, Inc. v. FERC*, 473 F.3d 1239, 1241 (D.C. Cir. 2007). An agency that treats similar cases differently must explain its inconsistent treatment at the time the decision is made. *See Baltimore Gas & Elec. Co. v. FERC*, 954 F.3d 279, 285 (D.C. Cir. 2020) ("the duty to explain inconsistent treatment is incumbent on the agency"). That duty extends to when an agency treats similarly situated competitors differently; it must provide a "reasonable justification" for any adverse treatment. *ANR Storage Co. v. FERC*, 904 F.3d 1020, 1025 (D.C. Cir. 2018).

The SBA provided no explanation for disparate treatment in its November 3 denial, likely because it had instructed applicants not to include comparator information. And the SBA's discussion of Sokol's competitors in the Benderson Declaration is not a "reasoned analysis" that "point[s] to a relevant distinction" between Sokol and its competitors, but instead "glosses over . . . [those] prior precedents." *Westar Energy*, 473 F.3d at 1241. The Benderson Declaration only discusses one of Sokol's alleged competitors, Reload Entertainment. Benderson Decl. ¶ 21. That discussion does consider the relevant distinctions between Reload and Sokol, identifying specific differences in both companies' marketing materials that justify Reload's SVOG award. *Id.* But there is no similar review for the four other competitors Sokol proffers; the SBA only states that it conducted an "informal review" of all five companies. *Id.* That is not a reasoned analysis for why these apparently similarly situated competitors were treated differently.

Certainly, the SBA is not required to distinguish every similarly situated SVOG awardee cited by Sokol. *See Bush-Quayle '92 Primary Comm., Inc. v. FEC*, 104 F.3d 448, 454 (D.C. Cir. 1997) ("We may permit agency action to stand without elaborate explanation where distinctions between the case under review and the asserted precedent are so plain that no inconsistency

appears."). But when there is a "significant showing that analogous cases have been decided differently, the agency must do more than simply ignore that argument." *Republic Airline Inc. v. Dep't of Transp.*, 669 F.3d 296, 243 (D.C. Cir. 2012) (quoting *LeMoyne-Owen Coll. v. NLRB*, 357 F.3d 55, 61 (D.C. Cir. 2004)); *see also MomoCon*, slip op. at 9 (remanding a SVOG denial to the SBA to either "supplement the administrative record and explain how MomoCon is meaningfully different than the other companies or explain why SBA has changed how it decides SVOG applications."). It would be arbitrary and capricious to do otherwise, especially if the agency took steps to affirmatively exclude such evidence from the record.

The SBA attempts to forestall a remand by casting doubt as to whether the competitor awards were "properly made" in the first place. SBA MSJ, Ex. 1, Stevens Decl. ¶¶ 3-4. While such a determination would moot Sokol's arguments that it was treated differently than its competitors, that possibility is a mere hypothetical not before this court. *See MomoCon* at 9-10 n.2 (similarly declining to review "mere uncertain plans" to revoke SVOG awards to a plaintiff's competitors).

"When an agency provides a statement of reasons insufficient to permit a court to discern its rationale, or states no reasons at all, the usual remedy is a 'remand to the agency for additional investigation and explanation.'" *Tourus Recs., Inc. v. Drug Enf't Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). As it stands, the record indicates that five of Sokol's alleged direct competitors received SVOG awards while Sokol did not. And the record does not show that the SBA provided a reasonable justification for this disparate treatment. The November 3 denial therefore was arbitrary and capricious. The court will grant Sokol's motion for summary judgment as to arbitrary and capriciousness, and remand for additional investigation and explanation, as necessary.

The court will also grant the parties joint motion for leave to file the unredacted Joint Appendix under seal.

## IV.   CONCLUSION

For the foregoing reasons, Sokol's motion for summary judgment will be **GRANTED**. The SBA's cross-motion for summary judgment and motion to dismiss will be **DENIED without prejudice**. Sokol and the SBA's motions for consideration of extra-record evidence will be **GRANTED**. Sokol's motion to strike will be **DENIED.** The joint motion for leave to file the unredacted joint appendix under seal will be **GRANTED**.

This case will be **REMANDED** to the SBA for supplementation of the administrative record as necessary regarding Sokol's competitors and further proceedings consistent with this Opinion.

Date: September 28, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge