**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SOKOL WORLD ENTERTAINMENT, INC.

Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION, and
ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,

Defendants.

Civil Action No. 21-cv-02385-TSC

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Sokol World Entertainment, Inc. ("Sokol"), by and through its attorneys, alleges
and states as follows:

**INTRODUCTION**

1.      This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706,
and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal
financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA")
and its Administrator, Isabella Casillas Guzman.

2.      The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as
amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program
to provide emergency financial assistance to eligible live entertainment businesses impacted by
the global COVID-19 pandemic.   The SVOG Program is administered by the SBA and
Administrator Casillas Guzman.

3.      Sokol, a small business in Los Angeles, California that puts on shows by local
singers, DJs, dancers, and performers, tailored to the LGBTQ+ and Latino communities,

demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA.  The SBA denied both Sokol's application and its appeal.

4.      The COVID-19 pandemic has had a devastating impact on Sokol, forcing it to close down for fifteen months and lose 90% of its revenue in 2020 as compared to 2019.  Sokol continues to struggle to recover and needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Sokol and Club Cobra recover from the major setbacks they have experienced because of the pandemic.

5.      On September 28, 2022, this Court granted Sokol's Motion for Summary Judgment, finding that the SBA had failed to treat Sokol comparably to Sokol's similarly situated competitors, and remanded the matter to the SBA.  Mem. Op., ECF No. 47; Order, ECF No. 48.

6.      On December 14, 2022, the SBA issued another new decision, again denying Sokol's application.

7.      SBA's most recent denial fails to provide legitimate distinctions between Sokol and its competitors that received SVOG assistance and baselessly determines that Sokol puts on performances of a prurient sexual nature.

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

9.      Venue lies in this district under 28 U.S.C. § 1391(e)(1).

10.     This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

11.     Plaintiff Sokol World Entertainment, Inc. owns and operates Club Cobra, a live-entertainment venue for on-stage shows by local singers, DJs, dancers, and performers.  Founded in 1999, Sokol is woven into the fabric of the Los Angeles LGBTQ+ community, with Club Cobra serving as its live music and performance venue since 2007.  For over 20 years, Sokol has been a leader in the Los Angeles LGBTQ+ live-entertainment industry, providing a stage for local and global artists to perform and a safe place for the LGBTQ+ and Latino community audiences to gather.  For more than 13 years, the Club Cobra venue has been a leading live performance location for the Los Angeles LGBTQ+ community.  In addition to its regular eight live events a week, Club Cobra hosts celebrations for special occasions and has a line-up which includes celebrity performers such as RuPaul's Drag Race stars.

12.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build, and grow businesses.

13.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

**BACKGROUND**

A.     **Shuttered Venue Operators Grant Program**

14.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

15.    SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

16.    An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019.  15 U.S.C. § 9009a(c).

17.    Eligible businesses with 2021 first quarter revenues of no more than 30% of its 2019 first quarter revenues are eligible for supplemental grants in the amount of 50% of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million.  15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees.  Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

18.    Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

19.    In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing

more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* §§ 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

20.   The Act defines live venue promoter to include an entity that as a principal business activity organizes, promotes, produces, or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70% of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

21.   The Act specifies that for a live venue operator (as well as a live venue promoter, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system, and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.   Sokol's SVOG Application and the SBA's Denial**

22.   On April 26, 2021, Sokol applied for a SVOG award.

23.   In its application, Sokol demonstrated that it satisfied the criteria for eligibility as a live venue operator. Sokol demonstrated that its losses in 2020 exceeded the 25% statutory threshold by submitting its federal tax returns for 2019 and 2020. Sokol also submitted, among other things, its venue floorplans, photographs of equipment, footage from a live performance, sample contracts with performance artists, marketing campaigns, screenshots of media articles,

and records reflecting ticket sales. Sokol additionally provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

24. Sokol learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found Sokol ineligible.

25. On August 12, 2021, Sokol submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Sokol's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue operator. Sokol explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue operator. Sokol's supporting documentation included: profit and loss statements for 2019 and 2020; contractor agreements with live performing artists that provide for fair payment for performing artists; a sample box office report reflecting ticket pricing, amount sold, and total sales; employee records reflecting media manger, box office personnel, DJ entertainer, creative director, social director, security personnel, entertainment directors, producers, maintenance personnel, and dance director; marketing materials, including a social media plan with web links, footage from live events, and media coverage of Club Cobra; payroll records for 2020; 2019 and 2020 federal tax returns; and photographs and a floorplan showing audience space, performance space, sound equipment, and lighting rig. Sokol also submitted a letter from its certified public accountant verifying: Sokol and Club Cobra's existence for almost two decades, Club Cobra's principal business activity as a venue providing live performances several days a week, and Sokol's satisfaction of the SVOG Program requirements for live venue operators.

26. On August 26, 2021, the SBA notified Sokol by email that its appeal was denied. As with the denial of Sokol's application, the SBA gave no reason for denying the appeal.

27.     On September 9, 2021, Sokol filed this action challenging the August 26, 2021 appeal denial under the APA.

28.     On October 25, 2021, the Court granted Defendants' Motion for Voluntary Remand and remanded the matter to the SBA.

29.     On November 3, 2021, the SBA issued another denial of Sokol's application. It concluded that Sokol did not meet the definition of live performing arts organization operator because it found that Sokol engaged in "prurient" business.

30.     The SBA's November 3, 2021 decision states that the agency denied Sokol's application based on a conclusion that the Company is ineligible under the Act's prohibition on awards to an entity that "presents live performances of a prurient sexual nature; or derives, directly or indirectly, more than de minimis gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature." The decision characterizes Sokol's social media pages for Club Cobra as containing "suggestive images" of Club Cobra's male go-go dancers "in seemingly sexualized poses typically wearing only revealing thong underwear or jockey shorts."

31.     However, all of the entertainment provided by Club Cobra is non-obscene, legal, and complies with Alcohol Beverage Control guidelines and regulations.  Club Cobra maintains all appropriate permits, which the Los Angeles Police Department has renewed each year without issue.

32.     Club Cobra is not regulated as an adult entertainment venue and does not include nudity.  Club Cobra dancers are required to wear sanctioned Team Dancer apparel, which does not include thongs.

33.    Businesses similar to Club Cobra that present male performance dance entertainment of an "erotic" and "sexy" variety geared to the LGBTQ+ community have had their SVOG applications granted by the SBA. Specifically, the SBA has approved the SVOG applications of at least five of Sokol's direct competitors: Jewel's Catch One Corporation ("Catch One"), Pico Productions, Club Los Globos Corporation ("Los Globos"), Vern Theater Inc. ("Vern Theater"), and Reload Entertainment. These entities host live performances just like Sokol by many of the same DJs, bands, and other musicians as Sokol.

34.    Catch One's promotional materials feature images of individuals posing provocatively. For example, Catch One's advertisement for its "Indulgence" night features a man in a leather harness holding a leash connected to another man wearing a leather collar on his hands and knees wearing only thong underwear.[1]

35.    Pico Productions operates El Cid, whose performances showcase male dancers in jockey shorts pouring "water over [their] bod[ies]." The entertainment by El Cid also includes "titillating & tantalizing" performances by "sexy songstresses."[2] Los Globos is a nightclub that features "sexual[]" performances by male dancers.

36.    Los Globos hosts a "raunchy" leather party which "encourage[s] jocks, harness, suspenders, gear, leather, [and] underwear…[and] A FREE CLOTHES CHECK…so [attendees] can get down to [their] Jock or Underwear!"[3]

---

[1]  *Indulgence*, DICE, https://dice.fm/event/8yba2-indulgence-27th-nov-catch-one-los-angeles-tickets (last visited Nov. 17, 2021).

[2]  *Dropdead Gorgeous*, EVENTBRITE, https://www.eventbrite.com/e/sultry-sweet-burlesque-variety-show-drop-deadgeorgous-girls-and-corpses-magazine-spring-issue-tickets-32074275020?aff=ebdsoporgprofile (last visited Nov. 16, 2021).

[3]  *DILF Uncut Los Angeles*, EVENTBRITE, https://www.eventbrite.com/e/dilf-los-angeles-uncut-by-joe-whitakerpresents-tickets-179294182727?aff=erelexpmlt (last visited Nov. 16, 2021).

37.    Vern Theater operates Don Quixote, whose promotional materials feature scantily clad men in harnesses and events that invite attendees to "slut it up as they tie you up."[4]

38.    Reload Entertainment advertises on Instagram with photos of men dressed in revealing thongs, with visible bulges, posing in a seductive manner.[5]

39.    The SBA's November 3, 2021 decision additionally relies on videos available for a "monthly subscription" on a website that is not affiliated with Club Cobra.

40.    The decision also cherry picks quotes from unsubstantiated Yelp Reviews, at least one of which was written by a competitor in a transparent effort to tarnish Club Cobra's reputation.

41.    On September 28, 2022, this Court granted summary judgment in favor of Sokol and denied the Government's Cross-Motion for Summary Judgment, or in the alternative to dismiss.  Mem. Op., ECF No. 47; Order, ECF No. 48.  The Court remanded the matter to the SBA "for supplementation of the administrative record as necessary regarding Sokol's competitors and further proceedings consistent with [its] opinion." *Id.*

42.    On December 14, 2022, the SBA issued a new decision again denying Sokol's application.

43.    The December 14, 2022 denial relies on an definition of prurient sexual nature that conflicts with the Supreme Court's definition of the term, *see Roth v. United States*, 354 U.S. 476, 487 n.20 (1957), and the SBA's prior interpretation of the term, *see* 60 Fed. Reg. 64,356, 64,360 (Dec. 15, 1995).  The December 14, 2022 decision disregards Sokol's evidence that its events are not prurient under the Supreme Court's definition and the agency's prior interpretation of prurient.

---

[4]    *BRUT Halloween Party, Los Angeles 2021*, GAYTRAVEL4U, https://www.gaytravel4u.com/event/brut-halloweenparty-los-angeles (last visited Nov. 17, 2021).
[5]    R*eloadEntertainmentInc*, INSTAGRAM (July 21, 2018), https://www.instagram.com/p/BlgY7xKgkV9/.

44.     The denial compounds the injury to Sokol by treating it disparately from similarly situated businesses.

45.     The SBA does not dispute that it granted SVOG funds to businesses that, like Sokol, put on male dance entertainment of an "erotic" and "sexy" variety geared toward the LGBTQ+ community.  In fact, the agency awarded SVOG funds to at least five of Sokol's competitors that are similarly situated to the Company.

46.     The SBA provided no reasonable justification for the disparate treatment.  For example, its decision claims that Pico Productions' burlesque shows are not "automatically disqualifying events," but fails to distinguish these shows from Sokol's dance performances.  The SBA also acknowledges that Reload Entertainment's social media has featured "sexually suggestive marketing materials," including a man dressed and posing in a similar fashion to the male dancers pictured on Sokol's social media.

47.     The SBA also sidesteps many of Sokol's arguments.  For example, the SBA's December 14, 2022 decision does not directly address Sokol's comparisons of its performances to events at Catch One, Los Globos, and Vern Theater.  Instead, the SBA claims that it is the grant monitoring and audit process' responsibility to determine whether the identified companies' eligibility for a SVOG award should be voided.

48.     Specifically, the SBA's denial repeatedly states that "[a]ny events that occur after an award is made that raise concerns about an entities [sic] use of grant funds on ineligible activities will be reviewed and addressed in the grant monitoring and audit process."  Dec. 14, 2022 Letter 2–4.  However, the SBA has left Sokol's competitors with improperly awarded funds they have been able to use to compete against Sokol for over two years.

10

49.     The SBA's December 14, 2022 denial of Sokol's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

50.     The courts recognize a strong presumption favoring judicial review of administrative action.

51.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

52.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

53.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

54.     The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

55.     Sokol realleges and incorporates by reference each of the preceding paragraphs and allegations.

56.     The SBA's new decision on Sokol's application conflicts with the evidence of Sokol's eligibility that it presented to the SBA in its application and in its appeal.

57.     The SBA further erred by treating Sokol disparately from similarly situated businesses that were granted SVOG awards.  Specifically, the SBA approved the SVOG applications of at least three live performance venues tailored to the LGBTQ+ community in Los Angeles that are Sokol's direct competitors.

58.    For each of these reasons, the SBA's denial of Sokol's SVOG award request is arbitrary and capricious.

## COUNT II—AGENCY ACTION CONTRARY TO LAW

59.    Sokol realleges and incorporates by reference each of the preceding paragraphs and allegations.

60.    Sokol meets the Act's definition of live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

61.    Sokol does not present performances of a prurient sexual nature.

62.    The SBA's denial of Sokol's SVOG award request therefore violates the Act and is contrary to law.

## COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

63.    Sokol realleges and incorporates by reference each of the preceding paragraphs and allegations.

64.    The SBA's denial of Sokol's SVOG award request is supported by no evidence in the record, let alone substantial evidence.  Sokol's application and appeal presented evidence that demonstrates Sokol is eligible for a SVOG award.

65.    The SBA's denial of Sokol's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, Sokol respectfully requests that this Court:

1.    Declare unlawful and set aside Defendants' denial of Sokol's SVOG award request.

2.    Preliminarily and permanently order Defendants to consider Sokol's application for a SVOG award consistent with applicable law and the evidence before the SBA.

12

3.      Preliminarily and permanently order Defendants to award Sokol SVOG funds in the amount for which it is eligible.

4.      Preliminarily and permanently order Defendants to grant Sokol a supplemental SVOG award in the amount for which it is eligible.

5.      Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6.      Award Plaintiff its costs and reasonable attorney fees; and

7.      Grant such other and further relief as the Court deems just and proper.

Dated: January 22, 2024                     Respectfully submitted,

/s/ Caroline L. Wolverton
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
Samantha J. Block
D.C. Bar No. 1617240
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Plaintiff Sokol World Entertainment, Inc.*

13